IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| CARMELO ANTHONY, et al. | * | |
| Plaintiffs, | * | SUBPOENA IN A CIVIL CASE |
| V. | * | Civil No. 2:09-cv-02272-WBS-KJM<br>In the Eastern District of California |
| LARRY HARMON, et al. | * | |
| Defendants. | * | |

## MOTION FOR A PROTECTIVE ORDER

Richard B. Schreibstein, Esquire, by his undersigned counsel, files this Motion for Protective Order, and respectfully requests that this Court quash the subpoena issued by Stephen W. Robertson, Esquire, counsel for Defendants, as it does not comply with the Federal Rules of Civil Procedure. Alternatively, Richard B. Schreibstein respectfully requests that this Court modify the subpoena, making clear that Mr. Schreibstein need not and should not turn over documents that are protected by the attorney-client and work product privileges. In support thereof, he states as follows:

### Facts

Richard B. Schreibstein ("Mr. Schreibstein") is not a party to the case. He is simply the former attorney of Plaintiff Carmelo Anthony ("Mr. Anthony"), and has documents in his possession related to that representation. Although Mr. Schreibstein terminated his involvement with Mr. Anthony during the summer of 2009, Mr. Schreibstein has a continuing ethical duty of confidentiality to his former client, *see* Maryland Rules of Professional Conduct ("MRPC") 1.6 & 1.9(c)(2), and can assert Mr. Anthony's attorney-client privilege. *See, e.g., United States v. (Under Seal)*, 748 F.2d 871, 873 (4th Cir. 1984) ("The [attorney-client] privilege has become part of the specialized federal common law in this country and protects the substance of

communications made in confidence by a client to his attorney." (footnote omitted)); *Fisher v. United States*, 425 U.S. 391, 402 (1976) ("it is universally accepted that the attorney-client privilege may be raised by the attorney" (citations omitted)).

In accordance with Mr. Anthony's written request, and in compliance with MRPC 1.16(d), Mr. Schreibstein recently transmitted a Bates-stamped copy of Mr. Anthony's entire file to Mr. Anthony's accountant and business manager, Jeff Gilman of Gelfand Rennert & Feldman, 1880 Century Park East #1600, Los Angeles, CA 90067. Mr. Schreibstein retained a Bates-stamped copy of Mr. Anthony's files. Prior to transmitting the documents to Mr. Anthony's accountant and business manager, Mr. Schreibstein received the subpoena at issue.

## Argument

### I. The Subpoena Must be Quashed Under Rule 45(c)(3)(A)(ii)

The issuance of subpoenas is governed by Federal Rule of Civil Procedure 45, which provides in relevant part:

> (c) . . . (3) Quashing or Modifying a Subpoena.
>   (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
>     (i) fails to allow a reasonable time to comply;
>     (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . .;
>     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>     (iv) subjects a person to undue burden.

In this case, to the court must quash this subpoena because subsection (ii) has been violated.

The subpoena is defective because the place for production is listed as "Banks & Watson, 813 6th Street, Suite 400, Sacramento, CA 95814." Mr. Schreibstein resides in Maryland, practices law in Maryland, and does not regularly transact business in person in California. Sacramento, California, is clearly more than 100 miles from anywhere in the State of Maryland.

Therefore Mr. Schreibstein, a non-party, cannot be forced to travel to California to produce documents for inspection. In addition, if production was to take place in California, a district court in California should have issued the subpoena. *See* Fed. R. Civ. P. 45 (a)(2) ("A subpoena must issue as follows . . . for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.").

## II. The Subpoeana Should be Modified, as It Purports to Require the Disclosure of Documents Protected by the Attorney-Client and Work Product Privileges

The subpoena requires disclosure of confidential and privileged attorney-client communications,[1] as well as documents protected by the work product doctrine, and should therefore be modified pursuant to Rule 45(c)(3)(A)(iii). Mr. Anthony has not waived his attorney-client privilege. In addition, although it was **filed in the wrong court**[2] and is likely procedurally defective, it is worth noting that Mr. Anthony's current counsel filed objections to this subpoena (in the Eastern District of California), objecting to each and every discovery request on the basis of the attorney-client and work product privileges. In addition, Mr. Schreibstein himself has a work-product privilege in some of the documents. *See In re Grand Jury Proceedings #5 Empanelled January 28, 2004*, 401 F.3d 247, 252 (4th Cir. 2005) ("the attorney, as well as the client, has the right to assert the opinion work product privilege").

Pursuant to the Federal Rules of Civil Procedure, Mr. Schreibstein completed a privilege log in response to this subpoena, attached hereto as Exhibit 3. *See* Fed. R. Civ. P., Rule

---

[1] Pursuant to Fed. R. Civ. P. 26(b)(2)(B), attached hereto as Exhibit 1 is an affidavit from Emanuel Pelote, which states, in detail, that some documents responsive to the subpoena are not reasonably accessible. Also attached hereto as Exhibit 2 is an affidavit from Richard B. Schreibstein, the custodian of records of the Law Offices of Richard B. Schreibstein, LLC, regarding his compliance with this subpoena. A copy of the subpoena and the objections filed are attached hereo as Exhibit 4.

[2] "[O]nly the issuing court has the power to act on its subpoenas." *In re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP*, 255 F.Supp.2d 1, 2 (D.D.C. 2003). *Cf. In re Digital Equipment Corp.*, 949 F.2d 228, 230 (8th Cir. 1991) (holding that the court which issued the subpoenas "initially has exclusive jurisdiction to rule on the objections").

26(b)(5)(A)(ii). Mr. Schreibstein has already turned over the few documents that are both responsive to the subpoena and are not protected by any privilege (and referenced in the privilege log). He requests that this court modify the subpoena to add the words "unless protected by the attorney-client and/or work product privileges" as part of each document request. If the subpoena is so modified, Mr. Schreibstein will have fully complied with it.

If Mr. Anthony chooses to intervene in this Court, or if this Court compels Mr. Schreibstein to produce documents described in the privilege log and Mr. Anthony is dissatisfied with that decision, Mr. Anthony can immediately appeal. *See, e.g., Under Seal*, 748 F.2d at 873 ("when the one who files the motion to quash, or intervenes, is not the person to whom the subpoena is directed, and the movant or intervenor claims that production of the subpoenaed documents would violate his attorney-client privilege, the movant or intervenor may immediately appeal." (citation omitted)). This is because the privilege belongs to Mr. Anthony, and he has the right to intervene to protect it. Given this, and the fact that Mr. Anthony's representatives now have all the documents at issue, there is no need to drag Mr. Schriebstein into what is, in essence, a costly and time consuming discovery dispute between the parties to this case.

## Conclusion

The subpoena in this case should be quashed, as it directs documents to be produced in California, more than 100 miles from the location of this Court, and it requests privileged information. In addition, the documents requested are all in the Plaintiff's possession, and there is no good reason to drag Mr. Schreibstein into what is in essence a discovery dispute between the parties to a claim pending in California.

WHEREFORE, the movant, Richard Schreibstein, respectfully requests that this Court either: 1) quash this subpoena; or 2) modify the subpoena to excuse Mr. Schreibstein from turning over any documents contained in the attached privilege log.

Respectfully Submitted,

/s/
Leslie D. Hershfield (Fed. Bar No. 08255)
Schulman, Treem, Kaminkow, & Gilden, P. A.
The World Trade Center, Suite 1800
401 East Pratt Street
Baltimore, Maryland 21202
Telephone: 410-332-0850
Facsimile: 410-332-0866
lhershfield@schumlantreem.com

*Counsel for Subpoenaed Third Party
Richard Schreibstein*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of April, 2010, a copy of the foregoing Motion for a Protective Order was filed electronically and served on:

| | |
|---|---|
| Stephen W. Robertson | Robert W. Hirsh |
| Banks & Watson | Robert W. Hirsh & Associates |
| 813 6th Street, Suite 400 | 8383 Wilshire Boulevard, Suite 510 |
| Sacramento, CA 95814 | Beverly Hills, CA 90211 |
| | |
| *Counsel for Defendants* | *Counsel for Plaintiffs* |

/s/
Leslie D. Hershfield